Gary L. Eastman, Esq. (SBN: 182518)
EASTMAN IP
401 W. A Street, Suite 1780
San Diego, CA 92101
Telephone: (619) 230-1144
Facsimile: (619) 230-1194
E-Mail: *gary@eastmanip.com*

Attorneys for Plaintiff Tracey Aivaz

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tracey Aivaz, <br><br>    Plaintiff, <br><br> v. <br><br> Smunchies Co. LLC, a California limited liability company; and Cristina Rotunda, an individual, and DOES 1-10, inclusive, <br><br>    Defendants. | COMPLAINT FOR: TRADEMARK CANCELLATION 15 U.S.C. §1064; COMMON LAW TRADEMARK INFRINGEMENT; VIOLATION OF LANHAM ACT 15 U.S.C. §§1125(a) & 1114; and CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200 & 17500 |

Plaintiff Tracey Aivaz ("Plaintiff") has a pending trademark application Serial No. 97019306 for SMUNCHYS for use in conjunction with hair scrunchies ("the Pending Application"). The Pending Application has been examined, and rejected due to an asserted likelihood of confusion with SMUNCHIES for hair scrunchies (Registration Number 6599035, hereinafter referred to as "the Subject Registration").

Plaintiff, believing that she is the prior user of SMUNCHYS and that she will be damaged by the continued registration of the Subject Registration, hereby requests a declaratory judgment for the cancellation of Subject Registration based on Plaintiff's priority of use and Defendant's fraud in procuring the Subject Registration. Plaintiff further seeks damages for Defendant's common law trademark infringement of the SMUNCHY mark due to Plaintiff's first use, and Defendant's ongoing violation of Plaintiff's rights.

## JURISDICTION AND VENUE

1.      Plaintiff brings this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and Defendants, and each of them, in connection with the commercial use and exploitation of Plaintiff's SMUNCHYS trademark are in violation of the Lanham Act.

2.      This action arises under the Trademark Laws of the United States, including particularly, 15 U.S.C. §1114 and §1125. Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, et. seq., and by principles of pendent jurisdiction. Venue is proper in this District under 28 U.S.C. §1391(b).

## THE PARTIES AND THEIR RESPECTIVE TRADEMARKS

3.      Plaintiff is an individual based in Burbank, California.

4.      Plaintiff owns the Pending Application for SMUNCHYS. She has used her SMUNCHYS mark since at least as early as September 17, 2020 in connection with sales of hair scrunchies with a built-in zipper-pocket compartment.

5.      Plaintiff has now sold more than 20,000 SMUNCHYS hair scrunchies to date. The Instagram page @smunchys_scrunchies has more than 13,000 followers, and the SMUNCHYS brand has been featured in well-known media outlets such as BuzzFeed and Good Morning America.

6.      Defendant is a California limited liability company that filed an intent-to-use trademark application for SMUNCHIES ("the Subject Trademark") on September 23, 2020.

7.      The Subject Trademark published for opposition on March 23, 2021 and received a notice of allowance on May 18, 2021.

8.      On information and belief, on or around July 5, 2021, Defendant began promoting its intended future use of SMUNCHIES in connection with hair scrunchies via its website www.smunchiesco.com and its TikTok page, with promises that Defendant's hair scrunchie products were "coming soon."

9.      Around August 2021, Plaintiff learned of Defendant's intended future use of SMUNCHIES and Defendant's then-pending trademark application.

10.     On September 9, 2021, Plaintiff filed the Pending Application for SMUNCHYS based upon first use in commerce at least as early as September 17, 2020, six days prior to Defendant's September 23, 2020 filing date.

11.     On October 20, 2021, Defendant submitted a statement of use attesting to a date of first use in commerce of October 18, 2021.

12.     On information and belief, Defendant to date has not used the Subject Trademark in commerce. To date, Defendant has solely been soliciting pre-order sales for products that are "coming soon."

13.   On January 16, 2022, Defendant began promoting a launch date of April 1, 2022 for its SMUNCHIES products. Meanwhile, Plaintiff has been making actual sales of SMUNCHYS products since at least as early as September 17, 2020 and has sold more than 20,000 "Smunchys" to date.

14.   Plaintiff believes that the Subject Registration will probably be cited against her Pending Application due to the inherent likelihood of confusion between SMUNCHYS and SMUNCHIES, which are phonetically identical and spelled virtually the same, being used concurrently in connection with hair scrunchies. Plaintiff, who has invested thousands of dollars and countless hours into her SMUNCHYS business and has already sold more than 20,000 products over the past year and a half, is likely to be damaged by Defendant's continued use and registration of SMUNCHIES.

15.   Plaintiff alleges, based on information and belief, that SMUNCHYS and SMUNCHIES cannot be concurrently registered due to inherent likelihood of confusion, that Plaintiff has priority of use dating back to September 17, 2020, and that Defendant fraudulently obtained the Subject Registration because Defendant was not using the Subject Trademark as of the stated October 18, 2021 date of first use in commerce, for pre-sale orders do not constitute true use of a mark in commerce per TMEP section 904.

16.   Plaintiff does not know the true names or capacities of defendants named herein as DOES 1 through 10 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names, capacities, and circumstances alleging the liability of said defendants at such time as the same is ascertained. Plaintiff is informed and believes and, on that basis, alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by the conduct of such defendants.

## COUNT ONE

## Cancellation Based on Priority of Use

## 15 U.S.C. § 1064

17.   Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth full herein.

18.   Defendant's constructive date of first use of SMUNCHIES is September 23, 2020 under Section 1(b) of the Lanham Act.

19.   Plaintiff has priority of use because she was selling hair scrunchies under the SMUNCHYS name at least six days before Defendant's priority date.

20.   Plaintiff created her Facebook page for Smunchys on September 3, 2020,

21.   Plaintiff first made her SMUNCHYS hair products available for purchase through her website www.smunchys.com on or around September 11, 2020.  At the time, Plaintiff offered at least five different Smunchy designs, including Paradise Blue, Olive Green, and Deep Lavender.

22.   Customers encountered the SMUNCHYS trademark at the point of sale and immediately post-sale through an email order confirmation receipt. Customers visiting the www.smunchys.com website at the time would see the SMUNCHYS trademark across the top of each webpage, including the product purchase page for each product. In addition, all customers who made a purchase subsequently received an automatic email confirmation from smunchysteam@gmail.com that prominently included the SMUNCHYS trademark. See **Exhibit 1** for an example of an order confirmation email, which was sent to Aleah Harrison of Provo, Utah, immediately after her purchase on September 22, 2020 at 4:34 PM.

23.   Plaintiff began launching paid Facebook advertisements on September 17, 2020. Facebook uses its algorithms to display Facebook advertisements to specific Facebook users based on their interests and preferences. One of Plaintiff's paid video advertisements originally disseminated through Facebook on September 22, 2020 has now received over 9 million views. **Exhibit 2** (top) shows a screenshot of Plaintiff's

video advertisement that was disseminated to Facebook users' feeds on September 22, 2020 and which is still viewable at https://www.facebook.com/smunchys/videos/680706792798683/.

24.    Plaintiff was disseminating advertisements through both Facebook and Instagram prior to September 23, 2020. See **Exhibit 2** (bottom) for a screenshot of a video advertisement that was disseminated to Facebook users' feeds on September 19, 2020 and which is still viewable at https://www.facebook.com/smunchys/videos/616385509060405/. See **Exhibit 3** for a screenshot of an Instagram advertisement that Plaintiff posted through her handle @smunchys_scrunchies on September 19, 2020.

25.    Plaintiff, a California resident, made an interstate sale of three Smunchys to Rachael Greenberg in Birmingham, Alabama, on September 17, 2020. Ms. Greenberg purchased one Deep Lavender and two Paradise Blue Smunchys, which were then on sale under a buy-two-get-one-free discount. Ms. Greenberg paid a total of $16.79 via credit card through the www.smunchys.com website on September 17, 2020 at 3:27 PM. See **Exhibit 4** for the order receipt that Plaintiff received confirming Ms. Greenberg's purchase of three Smunchys on September 17, 2020.

26.    Plaintiff made several subsequent Smunchy sales between September 17, 2020 and September 23, 2020. For example, Brionna Lynch of Los Angeles, California, purchased two Smunchys on September 19, 2020; Allison Tether of Somerset, New Jersey, and Aleah Harrison of Provo, Utah, each purchased three Smunchys on September 22, 2020; and Megan Mayerle of Loveland, Ohio, purchased five Smunchys on September 23, 2020.

27.    Plaintiff was promoting the SMUNCHYS brand and making interstate sales of hair scrunchies under the SMUNCHYS name prior to September 23, 2020, the filing date of Defendant's intent-to-use application that matured into the Subject Registration.

**COUNT TWO**

**Cancellation Based on Fraud in the Procurement**

**15 U.S.C. § 1064(3)**

28.     Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth full herein.

29.     The Subject Registration falsely claims that the Subject Trademark was used in commerce at least as early as October 18, 2021. Because Defendant knew that it was not then selling goods or services in commerce as the Lanham Act requires, Defendant procured the Subject Registration by fraud.

30.     On July 5, 2021, Defendant published a TikTok post alluding to an upcoming launch. The post, a screenshot of which is attached as **Exhibit 5**, states: "Coming Soon. Subscribe for launch details at smunchies.com."

31.     Defendant was still preparing to launch its products as of its claimed first use date, as shown by the "pre-order now" banner at the top of the webpage shown in Defendant's specimen submitted to the Trademark Office.  See below and **Exhibit 6** for the specimen Defendant submitted October 20, 2021 in support of the Subject Registration.



32.     As of January 2022, weeks after Defendant's claimed date of first use, Defendant was still preparing to start actually selling its goods in commerce. On January

14, 2022, Defendant posted a video on TikTok announcing that Defendant had "just received our first samples" of the Smunchies products. On January 16, 2022, Defendant posted a video on TikTok advertising pre-order sales of its products that was "coming soon" on April 1, 2022. See below and **Exhibit 7** for a screenshot of Defendant's January 14, 2022 TikTok post. See below and **Exhibit 8** for a screenshot of Defendant's January 16, 2022 TikTok post.





TikTok @smunchiesco
**January 14, 2022**
Exhibit 7

TikTok @smunchiesco
**January 16, 2022**
Exhibit 8

33.    As of the filing date of this petition, Defendant's website still displays the "pre-order now" top banner as well as an invitation to "pre-order the newest, squishiest scrunchies on the block," as shown in **Exhibit 9**.

34.     As of the filing date of this petition, Defendant states on its website that it is "excited to launch this Spring 2022" and that "pre-orders should be shipped as early as

**Shipping & Tracking**

**Pre-order Items**                                                                                    —

We are working hard and are so excited to launch this Spring 2022. That means that your pre-orders should be shipped as early as April. Subscribe to our mailing list to receive updates on all things Smunchies. We will keep you posted on progress! Thanks for your support!

April." See below and **Exhibit 10** for a screenshot of Defendant's shipping information on its website on March 29, 2022.

35.     Pre-order sales for goods that are not yet in commerce are insufficient to establish use in commerce, as stated in Trademark Manual of Examining Procedure section 904. Defendant knew that it was not selling goods in commerce under the Subject Trademark as of October 18, 2021 when it submitted its statement of use that resulted in the Subject Registration. This was a material misstatement without which the Subject Registration would not have registered.

36.     Absent cancellation of the Subject Registration, Plaintiff is and will continue to be damaged by Defendant's ostensible ability to enforce the Subject Trademark against her, despite her actual use SMUNCHYS mark in commerce since at least as early as September 17, 2020.

## COUNT THREE
## California Common Law Trademark Infringement

37.     Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth full herein.

38.     Plaintiff is the senior user of the SMUNCHYS mark, and as a result, enjoys priority of use over Defendants' use of the SMUNCHIES mark.

39.     Since its first use, Plaintiff has been open and notoriously using the SMUNCHYS mark through the marketing, advertising, promotion, sale, and distribution of SMUNCHYS branded products throughout California and the United States.

40.     As a result of the continued use of the SMUNCHYS mark in conjunction with the sale of her products, Plaintiff has developed, and continues to develop, goodwill in the SMUNCHYS brand as a result of the widespread and growing consumer recognition of SMUNCHYS being the source for high quality branded products.

41.     The goodwill that Plaintiff has developed is valuable, and provides an advantage in the marketplace.

42.     Defendants are a junior user of the SMUNCHIES mark, in which such use was after Plaintiff's first use, and indeed did not occur until much later than Plaintiff's use.

43.     Defendants are unlawfully benefitting from the widespread consumer recognition and goodwill in Plaintiff's SMUNCHYS mark through the sales and distribution of a the SMUNCHIES product to similar customers to which Plaintiff markets her SMUNCHYS branded products.

44.     This advertisement and sale of SMUNCHIES products to customers of Plaintiff familiar with the SMUNCHY mark creates confusion in the marketplace and constitutes trademark infringement by Defendants.

45.     As a result of the trademark infringement, Plaintiff's SMUNCHYS mark is being diluted and tarnished in the marketplace, and the ongoing consumer confusion created by Defendants' activities further devalues Plaintiff's SMUNCHYS mark.

46.     The devaluation of Plaintiff's mark is difficult to value, and as such, Plaintiff is entitled to an injunction prohibiting Defendants' ongoing use of the infringing SMUNCHIES mark.

COMPLAINT

## COUNT FOUR

### Violation of Lanham Action 15 U.S.C. §1125(a)

47.   Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth full herein.

48.   Plaintiff claims trademark rights to a unique line of hair scrunchies and provides an advantage over her competitors. Plaintiff claims trademark rights to the unique word SMUNCHYS regardless of its style or font which may vary amongst Plaintiff's product offerings.

49.   Plaintiff's SMUNCHYS mark is truly distinct.

50.   Plaintiff has invested much time, money, and resources to engineer and create its SMUNCHYS brand.

51.   Realizing this to be the case, Defendants' have unlawfully copied Plaintiff's trademark rights seeking to capture the commercial impression of Plaintiff's unique mark and obtain profits that rightfully should belong to Plaintiffs.

52.   Plaintiff's SMUNCHYS mark is inherently distinctive.

53.   Since launching her SMUNCHYS product line using its unique brand, thousands of customers have come to love Plaintiff's trademarked products leaving hundreds of fantastic reviews that attest to the uniqueness and quality of products sold under the SMUNCHYS name. Simply put thousands of consumers simply love the SMUNCHY products and many of them have gone out of their way to post fun pictures of use of the SMUNCHY products.

54.   Some of the consumers that have posted online on social media have confused the source of origin of Defendants' SMUNCHIES knock-off thinking that the products are produced by the same company.

55.   The unique phrase SMUNCHY of Plaintiff's mark has led to the purchasing public to associate unique stylish scrunchies with the producers of the SMUNCHY products.

56.     Unlike a typical scrunchie, Plaintiff's SMUNCHY scrunchie has features and benefits that distinguish it from the common scrunchie, and results in a consuming public to associate unique scrunchie products with Plaintiff SMUNCHY.

57.     Defendants' use of SUMNCHIES as a brand to promote and sell scrunchie products so closely resembles Plaintiff 's SMUNCHY products and brand that the public is likely to be confused and deceived, and to assume erroneously that Defendants' products are those of Plaintiff, or that defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

58.     Plaintiff's SMUNCHYS branded products are both sold through the same channels of distribution, if defendants are able to continue their wrongful acts, it is only natural for consumers to mistakenly come to believe and it is likely that consumers will believe that any defect or flaw in Defendants' products is the fault of Plaintiff. As a result, Plaintiff's reputation and goodwill will be impaired.

59.     Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff, nor has Plaintiff approved or authorized any of the goods or services offered or sold by defendants.

60.     Plaintiff has no control over the nature and quality of the goods offered and sold by defendants or its licensees. Any failure, neglect, or default by defendants or its licensees in providing such products will reflect adversely on Plaintiff as being the believed source of said failure, neglect, or default, thereby hampering Plaintiff's efforts to continue to protect its outstanding reputation and preventing Plaintiff from further building its reputation. Said failure, neglect, or default will result in loss of revenue by Plaintiff, and loss of value of Plaintiff's considerable expenditures to promote its goods under both the SMUNCHYS mark, all to the irreparable harm of Plaintiff.

61.     Furthermore, since Plaintiff's SMUNCHYS brand is known as the source of unique scrunchies, defendants use of the SMUNCHIES mark on a similar product

violates Plaintiff's rights in its trademark SMUNCHYS in addition to infringing Plaintiff's rights in its common law trademark.

62.     Without the knowledge or consent of Plaintiff, Defendants have marketed and sold in interstate commerce, and in commerce substantially affecting interstate commerce, knockoff scrunchie products bearing the SMUNCHIES mark.

63.     Defendants have promoted, publicized, advertised, offered for sale, and/or sold, the accused product through persons not authorized, employed by, or associated in any way with Plaintiff and have used the SMUNCHIES trademark as a false designation and false representation for scrunchie products.

64.     None of Defendants' activities complained of in this complaint have been authorized by Plaintiff, and such unauthorized use by Defendants of Plaintiff's trademarks and/or trade dress in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiff's trademarks and/or trade dress, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

65.     If defendants are permitted to continue their wanton unrestrained trademark infringement, the public may come to mistakenly believe that Plaintiff is knocking off the defendants' accused products in a case of reverse confusion.

66.     Upon information and belief, Defendants have acted with the unlawful purpose of:

67.     Improperly taking advantage of the valuable goodwill belonging to Plaintiff;

68.     Soliciting Plaintiff's customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, goods using the SMUNCHIES name in violation of Plaintiff's trademark and rights through persons not authorized by, employed by, or associated in any way with Plaintiff;

69.     Inducing others to infringe Plaintiff's trademarks and trade names; and

70.     Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiff to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff and its licensed trademarks and trade names.

71.     Defendants' conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1125(a).

72.     If Defendants are allowed to continue marketing and selling the knockoff accused product, Plaintiff will be damaged as alleged in this complaint, and the Defendants will profit thereby. Furthermore, unless the Court permanently enjoins Defendants conduct as alleged in this complaint, Plaintiff's business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

73.     Defendants' aforementioned acts and conduct is being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop. Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiff's attorneys' fees and costs.

74.     The intentional nature of defendant's acts makes this an exceptional case under 15 U.S.C. §1117(a).

75.     The intentional nature of defendant's acts and conduct makes this a case suitable for an award of Three Times Defendants' profits, plus Plaintiff's attorneys fees.

## COUNT FIVE

## Violation of Lanham Act 15 U.S.C. §1114

76.     Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth full herein.

77.     Defendants have engaged in, and continue to engage in, the wrongful exploitation of Plaintiff's SMUNCHYS trademark.

78.     Defendants' goods sold under the SMUNCHIES mark are so closely related to Plaintiff's goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of their scrunchie products, as packaged, advertised, and promoted, is made by Plaintiff, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

79.     Alternatively, if Defendants are not stopped from marketing, advertising, and selling their knockoff scrunchie products using the SMUNCHIES mark, then consumers will likely be confused about the source and origin of Plaintiff's products and mistakenly conclude that Plaintiff's products are produced by or associated with Defendants.

80.     Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff. Furthermore, Plaintiff has not approved any of the products offered or sold by Defendants.

81.     Defendants aforesaid infringing conduct has been willful and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop. Defendants' aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertisement, and promotion of their knockoff accused products will hinder the prospects of future commercial success of Plaintiff's line of scrunchie related products.

82.     Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiff's attorneys' fees and costs.

83.     Alternatively, Plaintiff seeks statutory damages up to Two Million Dollars for Defendants' willful counterfeiting pursuant to 15 U.S.C. § 1117 (c).

COMPLAINT

## COUNT SIX

## Unfair Competition – Common Law and California Business & Professions Code §§ 17200 et seq.

84.     Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth full herein.

85.     Defendants have engaged in unfair competition perpetrated against Plaintiff by reason of the conduct alleged herein.

86.     The unlawful and unfair conduct is injuring the goodwill of Plaintiff and its lawful licensees.

87.     Defendants are liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

88.     By this conduct, Plaintiff has directly suffered injuries and each Defendant has been unjustly enriched.

89.     Plaintiff is entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

90.     As a consequence of the unfair competition by Defendants, Plaintiff is suffering irreparable injury, by reason of which such conduct should be enjoined.

91.     Plaintiff is entitled to reasonable attorneys' fees.

92.     Plaintiff is informed and believes, and on that basis alleges, that the aforementioned conduct of Defendants is willful, oppressive, fraudulent, and malicious, and Plaintiff is therefore entitled to punitive damages.

## COUNT SEVEN

## Unfair Competition – Common Law and California Business & Professions Code §§ 17500 et

93.     Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth full herein.

94.     Defendants' use of Plaintiff's trademark misrepresents the nature, characteristics, identity, and source or sponsorship of Defendants' goods and services, constitutes aiding and abetting liability for deceptive, untrue, and misleading advertising and therefore constitutes a violation of, inter alia, California Business and Professions Code §§17500 et seq. and California common law.

95.     Defendants' use of Plaintiff's registered trademark and trade dress is likely to deceive and will continue to deceive the consuming public. Defendants knew, recklessly disregarded, or reasonably should have known that such packaging, advertising, marketing, and promotion was untrue and/or misleading.

96.     As a result of the conduct described above, Defendants have been and/or will be unjustly enriched at the expense of Plaintiff and the general public.

97.     The interests of the general public and Plaintiff are, therefore, closely related.

98.     Defendants have been unjustly enriched, among other things, by the receipt of sales revenues from consumers who mistakenly thought that they were purchasing Plaintiff's SMUNCHYS goods sponsored by Plaintiff, but instead were purchasing Defendants' goods which are promoted and sold through use of the confusingly similar SMUNCHIES mark, and through advertisements that affirmatively misrepresent, either directly or by implication, the nature, characteristics, identity, and source or sponsorship of the goods.

99.     Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff, on behalf of itself and the general public, which is unable effectively to assert its interests, seeks an order of this Court ordering Defendants immediately to cease such acts of unfair competition and false advertising, and enjoining Defendants from continuing to market, promote, advertise, offer for sale, and sell, and advertise goods or services using

COMPLAINT

the SMUNCHYS trademark. Plaintiff additionally requests an order disgorging Defendants' ill-gotten gains and restitution of all monies wrongfully acquired by Defendants by means of its acts of unfair competition and false advertising. Plaintiff further requests it be paid interest and attorneys' fees.

## **PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff respectfully prays as follows:

1.   For a judicial determination that Plaintiff has priority of use of her SMUNCHYS mark since at least as early as September 17, 2020, and at least six days prior to Defendants purported September 23, 2020 constructive date of first use.

2.   That based upon Plaintiff's priority of use, that Defendants' Subject Registration (No. 6599035) be cancelled based on Plaintiff's priority of use and/or Defendant's fraud in obtaining the registration.

3.   That based upon Defendants' having procured the Subject Registration based on knowingly false representations that the Subject Trademark was being actually used in commerce as of October 18, 2021.

4.   That Plaintiff has recognizable common law trademark rights which exist, and are superior to any rights by Defendants, and as such, Defendants are liable for common law trademark infringement in an amount to be determined at trial.

5.   That Defendants willful violations of Plaintiff's rights in her SMUNCHYS mark is a violation of California Business & Professions Codes.

6.   Defendants are liable for damages to Plaintiff including disgorgement of profits and attorney fees.

7.   Based on Defendants' willful and deliberate use of the SMUNCHIES mark that Defendants are liable for punitive damages to deter future like conduct.

8.      And any other remedy available under law or equity as the Court determines.

Dated: June 30, 2023                         EASTMAN IP
                                             /s/ Gary L. Eastman
                                             Gary L. Eastman, attorney for Plaintiff
                                             Tracey Aivaz

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: June 30, 2023

EASTMAN IP

/s/ Gary L. Eastman
Gary L. Eastman, attorney for Plaintiff
Tracey Aivaz

**EXHIBIT 1**

 

Customer Support <customersupport@smunchys.com>

---

**Fwd: Order #1008 confirmed**

1 message

---

**Aleah Harrison** <allie.mls@hotmail.com>                                            Fri, Mar 25, 2022 at 2:08 PM
To: "customersupport@smunchys" <customersupport@smunchys.com>

Hello,

Here is my order confirmation email for order #1008.

Depending on availability I would love to try either the Satin Indigo or Satin Gold scrunchie.

I do have a new address:



Thanks for reaching out!
Aleah Harrison

> **From:** Smunchys <smunchysteam@gmail.com>
> **Date:** September 22, 2020 at 4:34:25 PM MDT
> **Subject: Order #1008 confirmed**

## Smunchys                                                              ORDER #1008

## Thank you for your purchase!

Hi Aleah, we're getting your order ready to be shipped. We will notify you when it has been sent.

View your order          or Visit our store

---

## Order summary

    Midnight Black - Midnight Black / United States / One      $5.99
                        Size × 1                                                  **Free**

        🏷 BUY 2, GET 1 FREE (−$5.99)

Cream Dream - Cream Dream / United States / One            $5.99

Size × 1



Deep Lavender - Deep Lavender / United States / One Size × 1                                      **$5.99**

| | |
|---|---|
| Subtotal | **$11.98** |
| Shipping | **$4.81** |
| Taxes | **$0.00** |

| | |
|---|---|
| Total | **$16.79 USD** |
| | You saved $5.99 |

## Customer information

**Shipping address**
Aleah Harrison
~~████████████~~ /
Provo UT 84604
United States

**Billing address**
Aleah Harrison
~~████████████~~
Provo UT 84604
United States

**Shipping method**
USPS Standard (4-7 Day Shipping)

**Payment method**
VISA   ending with ███ — **$16.79**

If you have any questions, reply to this email or contact us at smunchysteam@gmail.com

# EXHIBIT 2



**EXHIBIT 3**



**EXHIBIT 4**

# #1002   ● Paid   ● Fulfilled   Archived

September 17, 2020 at 3:27 pm from Online Store

## Fulfilled (3)   #1002-F1                                      •••

Location
Oberlo

Other tracking
9200190240609431280606

| | | | |
|---|---|---|---|
| ① | Deep Lavender<br>Deep Lavender / United States / One Size<br>SKU: 37501230-style-1-united-states-one-size | ~~$5.99~~<br>$0.00 × 1 | $0.00 |
| ② | Paradise Blue<br>Paradise Blue / United States / One Size<br>SKU: 37501230-style-13-united-states-one-size | $5.99 × 2 | $11.98 |

## Paid

| Discount | Buy 2, Get 1 FREE | Applied |
|---|---|---|
| Subtotal | 3 items | $11.98 |
| Shipping | USPS Standard (4-7 Day Shipping) (0.0 lb) | $4.81 |
| **Total** | | **$16.79** |
| Paid by customer | | $16.79 |

## Customer                                                 ✕

Rachael Greenberg
1 orders

### CONTACT INFORMATION                                    Edit

████████████████

### SHIPPING ADDRESS                                        Edit

Rachael Greenberg
███████████
Birmingham AL 35213
United States
███████████

### BILLING ADDRESS

Same as shipping address

## Timeline

**SEPTEMBER 20, 2020**

○ This order was archived.                                  8:10 PM

◉ Oberlo fulfilled 3 items via Oberlo.                      8:10 PM

◉ Oberlo requested fulfillment of 3 items from Oberlo.      8:10 PM

**SEPTEMBER 19, 2020**

○ $16.00 USD was added to your Sep 21, 2020 payout.         7:22 PM

**SEPTEMBER 17, 2020**

○ Order confirmation email was sent to Rachael Greenberg    3:27 PM
(rgreenbe@samford.edu).

○ A $16.79 USD payment was processed using a Visa ending in 5225 via   3:27 PM
Shop Pay.

○ $16.00 USD will be added to your Sep 21, 2020 payout.     3:27 PM

Rachael Greenberg placed this order on Online Store (checkout #15236067885221).

3:27 PM

**EXHIBIT 5**



**EXHIBIT 6**

screenshot-smunchiesco.com-2021.10.20-11_14_17
https://smunchiesco.com/collections/new-arrivals/products/feeling-rainbows?variant=40563827933367
20.10.2021





## Rainbow Smunchie

**$14.00**

Pay in full or in 4 interest-free installments for
orders between $50 and $3000 with **shop** Pay
Learn more

Quantity

| 1 ⌄ |

**Add to cart**          Buy with **PayPal**

Description                                    —

Smunchies are a 2-in-1 hair and sensory accessory
fashioned with love to provide discrete sensory
companionship at home or on the go. This squishy
sidekick kicks butt providing unmatched hold and
lift. Our patented "smunch" offers just the right

READ MORE

For your hands                                 +

For your hair                                  +

Reviews                                        +

## Still here for you!



**Polly**
$14.00



**Info**

Care & Safety

Shipping & Returns

Contact Us

**Stay Connected**

Smunchies Co. is a female owned and operated business, proudly founded in The Bay Area, consciously designed and responsibly made in China. 🌈

© SMUNCHIES CO. 2021    PRIVACY & LEGAL    POWERED BY SHOPIFY

Rainbow Smunchie · $14.00

Add to cart

**EXHIBIT 7**



**EXHIBIT 8**



**EXHIBIT 9**



**EXHIBIT 10**



Refund/Return Enquiries +

Exchanges +

Damaged +

Lost Packages +

## Shipping & Tracking

Pre-order Items —

We are working hard and are so excited to launch this Spring 2022. That means that your pre-orders should be shipped as early as April. Subscribe to our mailing list to receive updates on all things Smunchies. We will keep you posted on progress! Thanks for your support!

When will my order ship? +